UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THEODORE STEVENS, | Case No. 3:25-CV-00546-MMD-CLB |
| Stevens, | **ORDER ADDRESSING STEVENS'S MISCELLANEOUS MOTIONS** |
| v. | |
| JAMES DZURENDA, *et al.*, | [ECF Nos. 3, 12, 19, 26, 27, 34] |
| Defendants. | |

Plaintiff Theodore Stevens ("Stevens") brings this civil-rights lawsuit to redress constitutional violations that he allegedly suffered while incarcerated. Stevens filed a series of documents in this case since submitting his initial complaint. Currently pending before the Court are the following motions: (1) motion for stipulation, (ECF No. 3); (2) motion for discovery, (ECF No. 12); (3) motion for order for press release, (ECF No. 19); (4) motion for discovery, (ECF No. 26); (5) motion for preliminary injunction, (ECF No. 27)[1]; and, (6) a motion for prescreening deposition, (ECF No. 34). Each of these motions is premature and procedurally improper, and they are all therefore denied.

As a starting point, the Court explained in the advisory letter that it sent Stevens when he initiated this action that "[t]he Court will review your complaint before docketing and service of defendants." (ECF No. 2 at 1.) Review means that the Court will "screen" the complaint under 28 U.S.C. § 1915A "to identify any 'colorable' claims" and "dismiss any claims that are 'frivolous, malicious, or fail to state a claim upon which relief may be granted' or if the complaint 'seeks monetary relief from a defendant who is immune from such relief.'" (*Id.*) "This process may take many months." (*Id.*) Until this process has taken

---

[1] Although titled as a "motion for an order of preliminary injunction," the motion consists of one sentence, which appears to request that the Court order "Vine" to return certain documents to Stevens. (ECF No. 27.) The motion does not contain any points and authorities or explanation of what is truly at issue. Accordingly, the Court is construing this motion as a discovery motion seeking certain documents be provided to Stevens in this action.

place, there are no claims that require court intervention, any type of discovery to be provided, or summary judgment.

The Court has not yet screened Stevens' complaint, nor has it ordered service on any defendant. Stevens therefore does not need discovery for any matter currently before the Court. The Court will screen Stevens' complaint in the ordinary course and will order service on the defendants when it is time to do so. Discovery will not proceed until the defendants have been served and made an appearance in this case. Thereafter, the Court will issue a scheduling order about discovery and related matters when it is time to do so. Until that time, no defendant is required to respond to any type of motion filed by Stevens, and the Court will not consider motions seeking to compel discovery, to require pre-screening depositions, the return of documents or items from prison officials, or other motions like those currently filed by Stevens. Accordingly, Stevens' discovery related motions, (ECF Nos. 12, 26, 27, 34), are each denied.

In addition to the above discovery related motions, Stevens has filed two additional motions that are also improper and must be denied. First, Stevens's motion for stipulation, (ECF No. 3), appears to be a request for Defendants to stipulate to settle this case for a fixed sum of money. This motion is improper in that no defendant has appeared in this case to seek such a settlement. Moreover, a request to settle the case should not be filed on the docket, but rather should be sent directly to the opposing party. Therefore, Stevens' motion for stipulation, (ECF No. 3), must be denied.

Finally, Stevens has moved the Court to enter an order to publish a press release. (ECF No. 19.) The Court does not issue press releases related to pending cases. Moreover, the Court will not act as a public relations spokesman on behalf of a party. Accordingly, this motion, (ECF No. 19), is also improper and must be denied.

In addition to each of the above motions, Stevens also filed a series of documents styled as exhibits, supplements, and notices. (*See* ECF Nos. 6, 7, 9-11, 13, 15-17, 21, 23-25, 28- 31, 33, 35-46.) Many of these documents are procedurally improper and/or violate the Court's General Order 2021-05 and this District's Local Rules. The Court

understands Stevens is proceeding *pro se* and that it may be difficult to understand the process of litigation. However, Stevens is advised that all litigants, whether appearing *pro se* or represented by an attorney, are required to follow the Federal Rules of Civil Procedure, the Local Rules of this District, and this Court's standing orders. *See, e.g.*, *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (noting "*pro se* litigants are not excused from following court rules"); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Stevens is cautioned that the Court may strike any additional motion or improper filing that fails to comply with these basic requirements or the Court's Rules or orders.

For all these reasons, Stevens' motions, (ECF Nos. 3, 12, 19, 26, 27, 34), are **DENIED**.

**IT IS SO ORDERED.**

**DATED**: March 4, 2026

_____
UNITED STATES MAGISTRATE JUDGE