UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| THEODORE STEVENS,<br>Plaintiff,<br>v.<br>JAMES DZURENDA, *et al.*,<br>Defendants. | Case No. 3:25-cv-00546-MMD-CLB<br>ORDER |

On August 4, 2026, the Court explained to *pro se* Plaintiff Theodore Stevens, who is incarcerated in the custody of the Nevada Department of Corrections, that it would not piecemeal Plaintiff's Complaint together after Plaintiff filed multiple supplements to his Complaint. (ECF No. 59.) The Court directed Plaintiff to file a first amended complaint that contained all claims, defendants, and factual allegations that Plaintiff wished to pursue in this lawsuit. (*Id.* at 1.) Although Plaintiff initially complied by filing a first amended complaint (ECF No. 60), he subsequently continued to file supplements (ECF Nos. 61, 62, 64, 65, 66, 67, 68) despite recognizing that the Court ordered him not to file any supplements.[1]

The Court once again directs Plaintiff to file one operative complaint that contains all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. The Court grants Plaintiff leave to file a second amended complaint. Plaintiff must not file any supplements. If Plaintiff is unable to comply with the Court's order and continues to file supplements, the Court will dismiss this case without prejudice until Plaintiff is able to file a single operative complaint in a new case.

///

[1]In one supplement, Plaintiff acknowledged, "yeah, yeah, yeah MMD your order but major crimes keep happening here." (ECF No. 61 at 1.)

If Plaintiff chooses to file a second amended complaint, he is advised that a second amended complaint supersedes (replaces) the original and first amended complaints and, thus, the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's second amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Additionally, Plaintiff's second amended complaint must comply with the Federal Rules of Civil Procedure and District of Nevada's General Order 2021-05. Moreover, Plaintiff must file the second amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "Second Amended Complaint."

It is therefore ordered that if Plaintiff chooses to file a second amended complaint, Plaintiff will file the second amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses to file a second amended complaint, he must use the approved form, and he will mark the box "Second Amended Complaint" in the caption. The Court kindly directs the Clerk of the Court to send Plaintiff: (a) the approved form for filing a § 1983 complaint and instructions for the same, and (b) a copy of the District of Nevada's General Order 2021-05.

It is further ordered that, if Plaintiff does not timely file a second amended complaint, the Court will screen the first amended complaint (ECF No. 60) only and strike all other supplements (ECF Nos. 61, 62, 64, 65, 66, 67, 68) from the docket.

It is further ordered that the motion to alter/amend motion for relief (ECF No. 58) is denied as moot. Plaintiff can incorporate any amendments in his second amended complaint.

///

It is further ordered that the motion to put a creditor's lien on a defendant (ECF No. 63) is denied.

DATED THIS 18th Day of November 2026

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE